FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 01 2013

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

COMBINED INSURANCE COMPANY
OF AMERICA                                                           PLAINTIFF

VS.                         NO. 3:12-cv-254 SWW

DAVID W. THOMAS and
DEBBIE L. THOMAS                                                    DEFENDANTS

## STIPULATED PROTECTIVE ORDER

Combined Insurance Company of America, by and through counsel Wright, Lindsey & Jennings LLP, and the defendants David W. Thomas and Debbie L. Thomas, *pro se*, submit the following as their stipulated protective order:

1.  Disclosure and discovery activity in this proceeding may involve production of confidential, proprietary, and/or private information regarding the defendants' personal financial information ("documents/materials addressed herein ") for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

2.  Combined agrees, and is hereby ordered, to not disseminate or otherwise use for any purpose outside of this litigation, the documents/materials addressed herein, unless such documents/materials are used to satisfy any

judgment obtained in this litigation or are produced in response to a valid order or warrant of a court or other governmental organization entitled to issue such orders to include the production of documents required by Arkansas law, specifically including, but not limited to, Ark. Code Ann. § 23-66-501, *et seq.*, or any regulation of the Arkansas Insurance Department.

3. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

4. Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

5. The parties acknowledge that this Protective Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to protection regarding the documents/materials addressed herein.

6. Nothing herein shall restrict the plaintiff or its agents or representatives from making working copies, abstracts, digests and analyses of the documents/materials addressed herein for use in connection with this action and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Order. Further, nothing herein shall restrict the plaintiff or its agents or

representatives from converting or translating the documents/materials addressed herein into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be deemed to have the same level of protection under the terms of this Order.

7. Within thirty (30) days of the conclusion of this proceeding, including any appeals related thereto, at the written request and option of the defendants, the plaintiff and it agents and representatives shall return and surrender the documents/materials addressed herein, or copies thereof, to the defendants at the defendants' expense. However, plaintiff's counsel may retain their privileged communications, work product and materials required to be retained pursuant to applicable law, or produced in response to a valid order or warrant of a court or other governmental organization entitled to issue such orders to include the production of documents required by Arkansas law, specifically including, but not limited to, Ark. Code Ann. § 23-66-501, *et seq.*, or any regulation of the Arkansas Insurance Department. All retained materials shall remain subject to the terms of this Protective Order.

IT IS SO STIPULATED.

| | |
|---|---|
| WRIGHT, LINDSEY & JENNINGS LLP<br>200 West Capitol Avenue, Suite 2300<br>Little Rock, Arkansas 72201-3699<br><br>By _____<br>  Kyle R. Wilson (89118)<br>  Michael A. Thompson (2010146)<br>  Counsel for Plaintiff | Debbie L. Thomas, Pro Se<br>919 Justy Lane<br>Jonesboro, AR 72404<br><br>120 Norfork Drive<br>Henderson, AR 72544<br><br>By _____<br>  Debbie L. Thomas<br><br><br>David W. Thomas, Pro Se<br>919 Justy Lane<br>Jonesboro, AR 72404<br><br>120 Norfork Drive<br>Henderson, AR 72544<br><br>By _____<br>  David W. Thomas |

IT IS SO ORDERED.

ENTERED this the __1st__ day of ~~July~~ August, 2013.

_____
Susan Webber Wright
United States District Judge