IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| COMBINED INSURANCE COMPANY OF AMERICA, | * * * |
| Plaintiff, | * * |
| vs. | *   No. 3:12CV00254 SWW * |
| DAVID W. THOMAS and DEBBIE L. THOMAS, | * * * |
| Defendants. | * |

**Order**

On August 1, 2013, came on for hearing the motion of plaintiff Combined Insurance Company of America for temporary restraining order, preliminary and permanent injunction, and constructive trust. The plaintiff appeared by its counsel Kyle Wilson and Michael Thompson and its corporate representatives Gary Schuman and Elizabeth Edwards.  The defendants, with notice of the motion and hearing, were voluntarily absent from the hearing.[1]  Pursuant to Fed.R.Civ.P. 52(a)(2) and after considering all submitted authorities, the written and oral arguments of counsel, and all evidence admitted during the hearing of this matter, the Court finds the following:

1.	On March 21, 2005, plaintiff issued a Sickness Hospital Confinement Indemnity Policy, No. R6286252-12830 (the "Policy") to defendants.

2.	Pursuant to the terms of the policy, the insured and any beneficiary of the policy are

---

[1]On August 7, 2013, plaintiff's counsel informed the Court that he received word late in the afternoon on August 6 that defendant David Thomas passed away on August 1, 2013.  Plaintiff filed a status report on August 8 that included a copy of Thomas's obituary.  Plaintiff states it intends to file a motion to substitute the personal representative of the Estate of David W. Thomas or another appropriate successor as a defendant in this matter.  EFC No. 40.

entitled to monetary benefits for days the insured was hospitalized as an inpatient, visited an Emergency Room for treatment, recovered from a surgical procedure, or recovered at home following a hospital confinement.

3. Defendant David W. Thomas was the insured under the terms of the Policy.

4. Defendants are alleged to have submitted fraudulent claims for benefits under the Policy. Specifically, plaintiff has alleged that defendants fraudulently submitted eighteen (18) claims representing to plaintiff that defendant David W. Thomas was hospitalized as an inpatient, visited the Emergency Room, or was recovering from the hospitalization or a surgical procedure and seeking benefits for fifty (50) separate periods of time.

5. The defendants' alleged fraudulent scheme began on September 9, 2006.

6. Plaintiff claims defendants fraudulently induced plaintiff to pay defendants $446,340.00 in benefits in relation to medical treatment that was never received.

7. Plaintiff has offered evidence that the funds it paid the defendants have been deposited into certain bank accounts and used to pay for and/or improve certain real and personal property.

8. Plaintiff has also offered evidence that the defendants' pattern of excessive spending is quickly depleting the funds held in the defendants' bank accounts and that the defendants are attempting to dispose of their real and personal property, including their largest asset, a house in Jonesboro, Arkansas.

9. Without restraint, defendants will be free to continue to transfer or conceal funds and assets beyond the reach of the plaintiff.

10. In determining whether to enter a preliminary inunction under Rule 65(c) of the Federal Rules of Civil Procedure, a court must consider four factors: (1) the threat of immediate irreparable harm to the movant; (2) the balance between this harm and the injury that granting the

injunction will inflict on other litigants; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C. L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). "A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant." *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705-706 (8th Cir. 2011).

11. Plaintiff presented convincing evidence that defendants falsified records submitted for claims under the policy. The evidence reflects defendants claimed Mr. Thomas was hospitalized when he was not and that defendants submitted claim forms which included medical authorizations signed by a doctor who had died years before the claimed medical event. The Court finds plaintiff established that it is likely to succeed on the merits. The Court further finds plaintiff is subject to the threat of irreparable harm in the absence of a preliminary injunction. According to defendants discovery responses, they have a combined monthly income of about $3,000.00. The Court finds that without an injunction, plaintiff would not be able to recover any of the money it claims defendants obtained by fraud. Lastly, the Court finds that the balance of harm and the public interest favor plaintiff. It is in the public's interest that a party recover money taken from it by fraudulent means. Further, as an insurance company, plaintiff serves numerous policy holders who are harmed by the payment of fraudulent claims. Thus, the Court finds that the *Dataphase* factors each support granting the plaintiff injunctive relief.

12. Accordingly, defendants are hereby enjoined as follows:

    a. <u>Bank accounts</u>. Defendants are known to have the following five accounts with BancorpSouth Bank: (1) Account No. 098-7 ("Checking Account in the Name of David W. Thomas or Deborah L. Thomas"); (2) Account No. 7571 ("Savings Account in the name of David W. Thomas or Deborah L. Thomas"); (3) Account No. 3166 [believed to

be 2011 Christmas Club Account in the name of Deborah L. Thomas]; (4) Account No. 7386 ("Christmas Club Account in the name of Deborah L. Thomas"); and (5) Account No. 236-6 ("Checking Account in the name of Deborah L. Thomas or Leslie C. Daniels") (collectively, the "BancorpSouth Bank Accounts").  As to Account No. 098-7, the defendants are hereby restrained from transferring any funds from that account in excess of the amount of Social Security Disability benefits directly deposited into that account in a given month.  Plaintiff has represented to this Court that this amount is approximately $3,000.00 per month.  Further, the defendants are hereby restrained from transferring any funds, in any amount, from the remaining BancorpSouth Bank Accounts and any other account held at any bank by either defendant.  In addition, to aid in the Court's enforcement of this Order, the defendants must provide to plaintiff's counsel, on an on-going basis and within five (5) days of issuance, monthly statements for each of the BancorpSouth Bank Accounts and all other accounts held at any bank by either defendant.

    b.  <u>Real property</u>.  Defendants are known to own or hold an interest in real property at 919 Justy Lane, Jonesboro, Arkansas 72404 (the "Jonesboro property"), and at 120 Lake Norfork Drive, Henderson, Arkansas 72544 (the "Henderson property").  The legal description of the Jonesboro property is as follows:

> Lot 5 of Northview Estates, Phase I, to Jonesboro, Arkansas, Plat Cabinet "B", Page 117, in the Registers Office for Craighead County, Arkansas.

The legal description of the Henderson property is as follows:

> The West Half of Lot 2, all of Lots 3 and 4, Block 1, Graceland Addition, Norfork Lakes Estates, as shown by the recorded Plat thereof.  Also the East

>Half of Lot 2, Block 1, Graceland Addition, Norfork Lakes Estates, as shown by the record Plat thereof.

The defendants must seek the prior approval of this Court before transferring or further encumbering the Jonesboro property, the Henderson property, or any other real property titled in the name of either defendant or that is presently in the possession of either defendant. The defendants should seek such approval by filing a written motion with this Court.

   c. <u>Personal Property</u>. Defendants are known to own the following personal property: (1) a 2008 GMC 1500, VIN 3GTEK13Y68G206230; (2) a 2004 Chevrolet Avalanche C15, VIN 3GNEK12T64G199982; (3) a 2008 Saturn Sky, VIN 1G8MC35B88Y115652; (4) a 1993 Monark Marine Sun Spa 240 (boat), VIN STRA79RPA393; (5) a 1995 Allweld Aluminum Pleasure Boat, VIN AW166422; (6) a 1993 Haul-Rite Tandem Axle 24' Boat Trailer, VIN 19BEP1629PCA30166; (7) a 1993 Mercury 60EO Boat Motor; and (8) a 2006 Mercury 15HP Boat Motor. The defendants must seek the prior approval of this Court before transferring or further encumbering these items of personal property or any other personal property titled in the name of either defendant or that is presently in the possession of either defendant. The defendants should seek such approval by filing a written motion with this Court.

This preliminary injunction shall remain in effect until the case is fully and finally concluded or until the Court otherwise orders.

13. The plaintiff is hereby expressly authorized to file this Order and a *lis pendens* in the real estate records of Baxter and Craighead Counties, Arkansas, and in any other county in which the defendants hold an interest in real property that is subject to this Order.

14.     In the event that the defendants disobey or otherwise fail to comply with the requirements and restrictions of this Order, they shall be deemed to be in contempt of this Court and shall be subject to civil and criminal sanctions to the full extent allowed by law.

15.     This Order shall remain in full force and effect until the case is fully and finally concluded or until the Court otherwise orders.

SO ORDERED this 9th day of August, 2013.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE