IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

COMBINED INSURANCE COMPANY
OF AMERICA

    PLAINTIFF

VS.

NO. 3:12-cv-254 SWW

DAVID W. THOMAS and
DEBBIE L. THOMAS

    DEFENDANTS

### ORDER GRANTING CONSTRUCTIVE TRUST

Pending before the Court is the motion of plaintiff Combined Insurance Company of America for the imposition of a constructive trust. Considering all submitted authorities, the written and oral arguments of counsel, and all evidence admitted during the August 1, 2013 hearing of this matter, the Court finds the following:

1. In this insurance-fraud case, plaintiff has alleged that defendants fraudulently submitted eighteen (18) claims representing to plaintiff that defendant David W. Thomas was hospitalized as an inpatient, visited the Emergency Room, or was recovering from the hospitalization or a surgical procedure and seeking benefits for fifty (50) separate periods of time.

2. Plaintiff filed a motion for temporary restraining order, preliminary and permanent injunction, and constructive trust on July 9, 2013. *See* ECF No. 29.

3. The Court held an evidentiary hearing on the motion on August 1, 2013. During

that hearing, plaintiff offered evidence that it had issued the defendants 89 checks, totaling $446,340.00, in payment for the allegedly fraudulent claims and that these checks were all cashed against or deposited into one or more BancorpSouth Bank accounts held in the names of the defendants.

4. At the close of the August 1 hearing, the Court directed the plaintiff to file supplemental briefing in support of its motion for constructive trust. Specifically, the Court ordered the plaintiff to demonstrate that it could adequately trace its funds from the BancorpSouth Bank accounts into the defendants' real and personal property by showing that the property was acquired after September 9, 2006, the date of the initiation of the defendants' alleged fraudulent scheme

5. As the Court directed, plaintiff submitted a supplemental brief in support of its motion for constructive trust on August 6, 2013. *See* ECF No. 39.

6. On August 9, 2013, the Court granted plaintiff's motion for preliminary injunction. *See* ECF No. 44. In its order granting plaintiff's motion for preliminary injunction, the Court found that the plaintiff was likely to succeed on the merits of proving its allegations of fraud.

7. On August 16, 2013, the Court ordered the defendants to file a response to the plaintiff's motion for constructive trust on or before August 27, 2013. *See* ECF No. 44. That order specifically warned, "Failure to do so will result in the granting of the motion."

8. The defendants have filed no such response.

9. The Court finds that the defendants would be unjustly enriched if they were allowed to retain both legal and equitable title in the real and personal property that they

acquired with the funds obtained from the plaintiff. The circumstances therefore warrant the imposition of a constructive trust. *See Malone v. Hines*, 822 S.W.2d 394 (Ark. Ct. App. 1992).

10. Accordingly, the Court hereby imposes a constructive trust in favor of the plaintiff on the following property:

   a. <u>The Jonesboro property</u>. Defendants' primary asset is a property located at 919 Justy Lane, Jonesboro, Arkansas 72404 (the "Jonesboro property"). The legal description of the Jonesboro property is as follows:

   > Lot 5 of Northview Estates, Phase I, to Jonesboro, Arkansas, Plat Cabinet "B", Page 117, in the Registers Office for Craighead County, Arkansas.

The Court finds that although this property was acquired prior to the initiation of the defendants' alleged fraudulent scheme, the defendants have, since the initiation of their alleged fraudulent scheme, made $117,627.83 in mortgage payments and have incurred expenses related to home improvement or otherwise increasing the value of this property in amounts totaling $28,026.39. Accordingly, the Court finds that the plaintiff has sufficiently traced the funds it paid to the defendants into the Jonesboro property and imposes a constructive trust in favor of the plaintiff on the Jonesboro property in the amount of $145,654.22.

   b. <u>The Henderson property</u>. The defendants also have an interest in a property located at 120 Lake Norfork Drive, Henderson, Arkansas 72544 (the "Henderson property"). The legal description of the Henderson property is as follows:

   > The West Half of Lot 2, all of Lots 3 and 4, Block 1, Graceland Addition, Norfork Lakes Estates, as shown by the recorded Plat thereof. Also the East Half of Lot 2, Block 1, Graceland Addition, Norfork Lakes Estates, as shown by the record Plat thereof.

The defendants entered into a contract to purchase the Henderson property on April 7, 2011, and are currently in possession of that property. As required by the contract for the

sale of this property, the defendants have paid at least $14,995.00 on the Henderson property. Accordingly, although the defendants do not yet hold legal title to the Henderson property, the Court finds that they do have a legally protected interest in that property. *See Walls v. Humphries*, 2013 Ark. 286 at 8-9 (discussing the interests of a purchaser in possession of property). The Court therefore finds that the plaintiff has sufficiently traced the funds it paid to the defendants into the Henderson property and imposes a constructive trust in favor of the plaintiff on the defendants' interest in the Henderson property.

      c.      <u>Personal property</u>:  In its order granting the plaintiff's motion for preliminary injunction, the Court identified all personal property known to belong to the defendants. The Court finds that the 2008 GMC 1500, VIN 3GTEK13Y68G206230; the 2008 Saturn Sky, VIN 1G8MC35B88Y115652; the 1995 Allweld Aluminum Pleasure Boat, VIN AW166422; and the 2006 Mercury 15HP Boat Motor identified in that order were all purchased after the defendants had begun their alleged scheme to defraud the plaintiff. Accordingly, the Court finds that the plaintiff has sufficiently traced the funds it paid to the defendants into these items of personal property and imposes a constructive trust in favor of the plaintiff on these items of personal property.

      d.      <u>Other real and personal property</u>. The Court further imposes a constructive trust in favor of the plaintiff on all real or personal property that the defendants acquired on or after September 9, 2006, the date the defendants' alleged fraudulent scheme began.

11. Defendants must protect and preserve this real and personal property during the pendency of the action until the case is fully and finally concluded or until the Court otherwise orders the trust dissolved.

12. The plaintiff is hereby expressly authorized to file this order in the real estate records of Baxter and Craighead Counties, Arkansas, and in any other county in which the defendants hold an interest in real property that is subject to this order.

13. In the event that the defendants disobey or otherwise fail to comply with the requirements and restrictions of this order, they shall be deemed to be in contempt of this Court and shall be subject to civil and criminal sanctions to the full extent allowed by law.

14. This order shall remain in full force and effect until the case is fully and finally concluded or until the Court otherwise orders.

SO ORDERED this 6th day of September, 2013.

/s/Susan Webber Wright

UNITED STATE DISTRICT JUDGE